**[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 465.]**

IN RE CONSOLIDATED MORTGAGE SATISFACTION CASES.

**[Cite as *In re Consol. Mtge. Satisfaction Cases*, 2002-Ohio-6720.]**

*Civil procedure—Class actions—Civ.R. 23(B)(3), applied—Trial court did not act unreasonably, arbitrarily, or unconscionably in certifying a class action in cases brought by mortgagors against their respective lenders for alleged violations of R.C. 5301.36.*

(No. 2001-1912—Submitted September 24, 2002—Decided December 18, 2002.)

APPEAL from the Court of Appeals for Hamilton County, No. C-010137.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 1} This case involves motions for class certification in 12 cases brought by appellants-mortgagors[1] against their respective lenders. The mortgagors in each case allege that the lenders violated R.C. 5301.36, which requires a mortgagee to record the satisfaction of a residential mortgage with the appropriate county recorder within 90 days of the date of the satisfaction. R.C. 5301.36(B). Each mortgagor seeks recovery of $250 in damages as permitted by R.C. 5301.36(C).

{¶ 2} Ostensibly to deal with the high volume of separate claims on its docket invoking R.C. 5301.36, the trial court consolidated a number of cases. Appellants-mortgagors moved for class certification in 12 of the consolidated cases, and the trial court granted the motions. The trial court defined the certified classes in each action as follows: (1) persons who were in the past mortgagors on any residential mortgage upon which the defendants were the mortgagees at the

_____

1. Appellants named in this case are June McDonald, Edmond Weeden, Algie Weeden, John E. Nolan, Brenda Parchman, Jordan Godbold, David Fluker, Patricia Schultz, Thomas P. Tressler III, Anna Hutchinson, Jeffrey Bley, Octavia Gray, Clarissa Boyd, Peter Kabengele, Blanche Kabengele, Christopher W. Godley, Steven Breckheimer, Deborah Breckheimer, Edward Busch, Cora Busch, Mary R. Scott, Ronald Kellerman, Carolyn Kellerman, Gregory Badger, and Thomas Theim.

time the indebtedness secured by said mortgage was paid in full; (2) persons who paid in full the amounts due and owing under the residential mortgage during specified periods and who are otherwise entitled to a release or satisfaction of mortgage; and (3) persons whose satisfaction of mortgage was not recorded within 90 days of the mortgage being paid in full by the mortgagor.

**{¶ 3}** Appellees, which are the mortgagees,[2] appealed the certification of the classes. The First District Court of Appeals reversed the trial court. The cause is before this court upon the allowance of a discretionary appeal.

**{¶ 4}** We are asked to determine whether the certification of the classes by the trial court was proper based on the law and facts before it. In particular, we are called upon to discern whether appellants met the predominance requirement for certifying a class, found in Civ.R. 23(B)(3). For the reasons discussed below, we hold that appellants have met the mandates of Civ.R. 23(B)(3), and therefore the trial court acted appropriately when it certified the classes.

**{¶ 5}** At the outset, we are mindful that a trial judge is given broad discretion when deciding whether to certify a class action. *Marks v. C.P. Chem. Co., Inc.* (1987), 31 Ohio St.3d 200, 31 OBR 398, 509 N.E.2d 1249, syllabus; *Schmidt v. Avco Corp.* (1984), 15 Ohio St.3d 310, 312-313, 15 OBR 439, 473 N.E.2d 822. Moreover, "[a]bsent a showing of abuse of discretion, a trial court's determination as to class certification will not be disturbed." Id. An abuse of discretion connotes more than a mere error of law or judgment, instead requiring a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR

---

2. Appellees named in this case are Star Bank, Nationsbanc Mortgage Corporation, Huntington National Bank, Beneficial Ohio, Inc. (a.k.a. Beneficial Mortgage Co. of Ohio), Fleet Mortgage Corporation, First Union Home Equity Corporation, Countrywide Home Loans, Associates Financial Services Corporation, Capstead, Inc., Provident Bank, Union Savings Bank, and Guardian Savings Bank.

481, 450 N.E.2d 1140. In the case at bar, the court of appeals found that the trial court had abused its discretion because appellants had failed to satisfy the predominance requirement of Civ.R. 23(B)(3).

**{¶ 6}** Seven prerequisites must be met before a court may certify a case as a class action pursuant to Civ.R. 23: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impractical; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be satisfied. *Warner v. Waste Mgt., Inc.* (1988), 36 Ohio St.3d 91, 96-98, 521 N.E.2d 1091. Here, there is no dispute that appellants have satisfied the first six of these requirements. However, the parties disagree as to whether one of the three Civ.R. 23(B) requirements has been fulfilled by appellants, namely that found in Civ.R. 23(B)(3).

**{¶ 7}** Civ.R. 23(B)(3) states that in order to certify a class in an action for damages, two findings must be made by the trial court. First, it must find that questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and second, the court must find that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**{¶ 8}** While Civ.R. 23(B)(3) sets forth the general rule, clear guidance as to its meaning and application has been elusive. *Schmidt*, 15 Ohio St.3d at 313, 15 OBR 439, 473 N.E.2d 822. However, we have held that "it is not sufficient that common questions merely exist; rather, the common questions must represent a significant aspect of the case and they must be able to be resolved for all members of the class in a single adjudication. And, in determining whether a class action is

3

a superior method of adjudication, the court must make a comparative evaluation of the other procedures available to determine whether a class action is sufficiently effective to justify the expenditure of judicial time and energy involved therein." Id.

{¶ 9} Appellees contend, and the court of appeals found, that class certification is inappropriate because to determine liability under R.C. 5301.36, "each [appellant] must establish his status as a residential mortgagor, the fact and the date of the satisfaction of the indebtedness, and the date that the satisfaction of the mortgage was recorded." Thus, the appellate court concluded that the standard for compliance with the predominance requirement of Civ.R. 23(B)(3) could not be met because "[t]he proof of these elements requires a separate evidentiary showing on the part of each [appellant]." It reasoned that "there is not a single element in the instant case that can be resolved for all members of a given class in a single adjudication, [and] [t]he proof of a claim on the part of one of the representative parties would simply have no bearing on the entitlement to relief of any other member of the class."

{¶ 10} Respectfully, we reject the conclusion of the court of appeals. Clearly, the claims brought by each plaintiff invoke a common question of law: whether a particular lender violated its duty to record a satisfaction of mortgage. In resolving this common question, the trial court of course will be presented with different evidence relating to each lender's failure to record a satisfaction of a residential mortgage. While appellees assert that sifting through these facts in a class action suit will be arduous, we are not compelled to agree. The mere existence of different facts associated with the various members of a proposed class is not by itself a bar to certification of that class. If it were, then a great majority of motions for class certification would be denied. Civ.R. 23(B)(3) gives leeway in this regard and permits class certification where there are facts common to the class members.

**{¶ 11}** In answering the common legal question, the trial court will need to gather evidence relating to each mortgagor-mortgagee relationship. For example, evidence will need to be presented concerning each appellant's date of indebtedness and date of mortgage satisfaction. As noted by appellants, it is possible that the facts surrounding each claim can be systematically obtained in a single adjudication through the use of bank records and databases. The facts to be presented are not so complicated that use of the class action tool would be unduly cumbersome. Instead, the nature of this evidence demonstrates that there is factual commonality among class members.

**{¶ 12}** We find that the trial court is in the best position to consider the feasibility of gathering and analyzing class-wide evidence. Since the trial court's ruling did not exceed the bounds of reasonableness, we find that it acted within its discretion in resolving that there are common questions of fact among class members that can be presented in an efficient fashion. Thus, we find that it properly could conclude that appellants have satisfied the first requirement of Civ.R. 23(B)(3).

**{¶ 13}** We next must consider whether a class action is the superior method to be utilized in achieving a fair and efficient adjudication of this controversy. When evaluating "the utility and propriety of employing the class action device," *Schmidt*, 15 Ohio St.3d at 314, 15 OBR 439, 473 N.E.2d 822, there are four factors to consider: "(a) the interest of the members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of the class action." Civ.R. 23(B)(3). Analysis of these factors ensures that the policy objectives of Civ.R. 23(B) are given weight and permits a court to balance the efficiency and economy of the class action device against the

need to ensure the fair representation of the interests of otherwise unrelated entities. *Schmidt* at 314, 15 OBR 439, 473 N.E.2d 822.

**{¶ 14}** With respect to the first factor, appellants assert that, as opposed to bringing each suit individually, they have an interest in grouping their actions due to the very nature of the remedy sought. Since appellants each seek only $250 under R.C. 5301.36, they argue that as individual plaintiffs they do not have the financial wherewithal to undertake the expense of litigation to recover such a paltry sum. They contend that, as a certified class of mortgagors, they can spread the cost of an action and more readily attack the practices of the lenders. This argument is persuasive and is a factor to be weighed in favor of class certification.

**{¶ 15}** As to the second and third factors listed above, it is apparent that in the forum of Hamilton County there are many claims concerning violations of R.C. 5301.36. Twelve separate classes were certified by the trial court, with each containing an abundance of members with separate but similar claims. The desirability of the class action is evident, since allowing a separate action for each affected mortgagor would severely clog the docket of the common pleas court. While this reason alone is not sufficient to certify a class action, it is entitled to some consideration.

**{¶ 16}** As to the fourth factor, we are certain that there will be some difficulties incurred in the management of these class actions. However, we are convinced that the trial court gave adequate thought to the problems that might arise and determined that any risk was overpowered by the circumstances supporting class action certification. Thus, our review of the relevant factors leads us to conclude that the class action is the superior method for the fair and efficient adjudication of the controversies. Appellants have met the second requirement of Civ.R. 23(B)(3).

**{¶ 17}** In a situation such as the one at bar, the class action is the preferable method for dealing with evidence of a party's recurring malfeasance because the

ability to avoid duplication of a court's time, effort, and resources is an important and relevant consideration. We liken the case at hand to our previous decision in *Cope v. Metro. Life Ins. Co.* (1998), 82 Ohio St.3d 426, 696 N.E.2d 1001. The plaintiffs in that case alleged that an insurance company improperly targeted existing policyholders, sold them replacement insurance as new insurance, and intentionally omitted mandatory disclosure warnings. In certifying the class in that case, we reasoned that "a wide variety of claims may be established by common proof in cases involving similar form documents or the use of standardized procedures and practices." Id. at 430, 696 N.E.2d 1001. " 'Frequently numerous consumers are exposed to the same dubious practice by the same seller so that proof of the prevalence of the practice as to one consumer would provide proof for all. Individual actions by each of the defrauded consumers are often impracticable because the amount of individual recovery would be insufficient to justify bringing a separate action; thus an unscrupulous seller retains the benefits of its wrongful conduct.' " Id. at 429, 696 N.E.2d 1001, quoting *Vasquez v. Superior Court of San Joaquin Cty.* (1971), 4 Cal.3d 800, 808, 94 Cal.Rptr. 796, 484 P.2d 964.

{¶ 18} The rationale applied in *Cope* applies with equal force here. Individual plaintiffs in this case have been grouped with other plaintiffs to present suits against the same lenders. These lenders presumably have utilized standardized procedures for recording satisfactions of residential mortgages, procedures that are allegedly faulty. While of course we take no stand on the merits of the allegations by appellants, *Cope* is instructive on the issue of class certification.

{¶ 19} We conclude that the predominance requirement of Civ.R. 23(B)(3) can be satisfied in this case and that the trial court did not act unreasonably, arbitrarily, or unconscionably in certifying the classes. The judgment of the court

of appeals was in error, and the trial court's order to certify the classes in this case is reinstated.

Judgment reversed

and cause remanded.

MOYER, C.J., DOUGLAS, RESNICK and PFEIFER, JJ., concur.

COOK, J., dissents.

LUNDBERG STRATTON, J., dissents.

———————————

**COOK, J., dissenting.**

{¶ 20} Like Justice Lundberg Stratton, I would affirm the judgment of the court of appeals that the trial court abused its discretion in finding that the plaintiffs had met the predominance requirement for certifying a class as required by Civ.R. 23(B)(3).

———————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 21} Because I believe that the trial judge abused his discretion in finding that questions of law or fact common to the members of the class predominated over questions affecting only individual members, I respectfully dissent.

{¶ 22} In a class action seeking damages, the court must find that common questions of law or fact predominate over questions that are particular to members of the class. *Hamilton v. Ohio Sav. Bank* (1998), 82 Ohio St.3d 67, 79, 694 N.E.2d 442. In finding that common issues predominate over individual issues, the trial court stated that "[t]he gravamen of every complaint within each class is the same and relates to the violation of R.C. 5301.36." In support of the trial court's holding, the majority states that "[t]he mere existence of different facts associated with the various members of a proposed class is not by itself a bar to certification of that class. If it were, then a great majority of motions for class certification would be denied." I disagree.

**{¶ 23}** "'[A] claim will meet the predominance requirement when there exists *generalized evidence* which proves or disproves an element on a *simultaneous*, *class-wide basis*, since such proof obviates the need to examine each class member's individual position.'" (Emphasis added.) *Cope v. Metro. Life Ins. Co.* (1998), 82 Ohio St.3d at 429-430, 696 N.E.2d 1001, quoting *Lockwood Motors, Inc. v. Gen. Motors Corp.* (D.Minn.1995), 162 F.R.D. 569, 580. Thus, common issues do not predominate for purposes of certifying a class action where individualized proof is required in order for each class member to recover. Accordingly, "where no one set of operative facts establishes liability" and "individual issues outnumber common issues," a court "should properly question the appropriateness of a class action for resolving the controversy." *Sterling v. Velsicol Chem. Corp.* (C.A.6, 1988), 855 F.2d 1188, 1197.

**{¶ 24}** In the case at bar, there are evidentiary issues that require individualized proof for each plaintiff, including identification of each mortgagee (complicated by assignments and reassignments), determination of each mortgage's payoff date, determination of whether each mortgage was satisfied or could be satisfied if it was an open-ended mortgage, determination of the transmittal dates of each satisfaction to the recorder, and determination of when the recorder actually recorded the satisfaction after receipt, among other factual issues. These factual determinations are specific to each plaintiff, require case-by-case adjudications, and defeat the predominance needed for class certification. See, e.g., *Gutansky v. Advance Mtg. Corp.* (1981), 102 Ill.App.3d 496, 58 Ill.Dec. 180, 430 N.E.2d 122. Accordingly, I respectfully dissent.

————————————

Murdock, Goldenberg, Schneider & Groh, L.P.A., John C. Murdock, Jeffrey S. Goldenberg and Theresa Groh; Zelle, Hofmann, Voelbel, Mason & Gette, L.L.P., and Eric Berg, for appellants.

Taft, Stettinius & Hollister, L.L.P., and Timothy C. Sullivan, for appellee Firstar Bank, N.A.

Jones, Day, Reavis & Pogue, Shawn J. Organ and Brian G. Selden, for appellee Nationsbanc Mortgage Corporation.

Porter, Wright, Morris & Arthur, L.L.P., and Jennifer T. Mills, for appellee Huntington National Bank.

Janik & Dorman, L.L.P., Andrew J. Dorman and Barry R. Murner, for appellee Beneficial Ohio, Inc.

Porter, Wright, Morris & Arthur, L.L.P., and David P. Shouvlin, for appellee Fleet Mortgage Corporation.

Kegler, Brown, Hill & Ritter, and Robert G. Cohen; J. Preston Turner, for appellee First Union Home Equity Bank, N.A..

Thompson Hine, L.L.P., Stephen J. Butler and Carey L. Allen; and Jan T. Chilton, for appellees Countrywide Home Loans and Associates Financial Services Corporation.

Schroeder, Maundrell, Barbiere & Powers, and Christopher Moore; Briggs and Morgan, P.A., and Mark G. Schroeder, for appellee Capstead, Inc.

Keating, Meuthing & Klekamp, P.L.L., James E. Burke, Gregory M. Utter and Douglas L. Hensley, for appellees Provident Bank, Union Savings Bank, and Guardian Savings Bank.

Chester Willcox & Saxbe, L.L.P., and J. Craig Wright, for amicus curiae, National Association of Consumer Advocates.

Janet L. Phillips Co., L.P.A., and Janet L. Phillips, for amicus curiae, Ohio Academy of Trial Lawyers.

————————————