OPINION
{¶ 1} Appellants, Andy Buick, Inc. and Andy Chevrolet Company, appeal the judgment entered by the Lake County Court of Common Pleas. The trial court granted a motion filed by appellee, Ricardo Phillips, to certify this matter as a class action.
 {¶ 2} Phillips went to Andy Buick to purchase an automobile. An agreed-upon sales price was negotiated, at $26,459. Thereafter, two additional charges were added to the purchase price. One was a "glaze fee" in the amount of $67.50. The other charge was "filing 30-day tag" in the amount of $48.50. The complaint alleged the filing fee charged was in excess of the amounts tendered to the clerk of court's office.
 {¶ 3} Phillips filed a compliant against appellants, claiming they violated the Ohio Consumer Sales Protection Act ("CSPA").[1] Phillips moved the trial court to certify a class of all individuals who were charged the excess fees by appellants. Appellants filed a brief in opposition to Phillips' motion to certify the class. In addition, appellants filed a motion for summary judgment. The trial court granted Phillips' motion to certify the class and denied appellants' motion for summary judgment.
 {¶ 4} Appellants' raise the following assignment of error:
 {¶ 5} "The trial court erred to the prejudice of defendants-appellants in certifying this matter as a class action."
 {¶ 6} A judgment entry granting a party's motion for class certification is a final, appealable order.[2] Thus, this court has jurisdiction to hear this appeal.[3]
 {¶ 7} "`A trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion.'"[4] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[5]
 {¶ 8} "Seven prerequisites must be met before a court may certify a case as a class action pursuant to Civ.R. 23: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impractical; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be satisfied."[6]
 {¶ 9} In this matter, Phillips alleges appellants violated the CSPA. Specifically, Phillips claims appellants did not comply with the following Administrative Code Section, which concerns the advertisement and sale of motor vehicles:
 {¶ 10} "(B) It shall be a deceptive and unfair act or practice for a dealer, manufacturer, advertising association, or advertising group, in connection with the advertisement or sale of a motor vehicle, to:
 {¶ 11} "* * *
 {¶ 12} "(21) Advertise any price for a motor vehicle unless such price includes all costs to the consumer except tax, title and registration fees, and a documentary service charge, provided such charge does not exceed the maximum documentary service charge permitted to be charged pursuant to section 1317.07 of the Revised Code. Additionally, a dealer may advertise a price which includes a deduction for a discount or rebate which all consumers qualify for, provided that such advertisement clearly discloses the deduction of such discount or rebate."[7]
 {¶ 13} In addition, the Ohio Administrative Code defines "advertisement" as:
 {¶ 14} "[A]ny electronic, written, visual, or oral communication made to a consumer by means of personal representation, newspaper, magazine, circular, billboard, direct mailing, sign, radio, television, telephone or otherwise, which identifies or represents the terms of any item of goods, service, franchise, or intangible which may be transferred in a consumer transaction."[8]
 {¶ 15} We will now address whether the trial court abused its discretion when it found all seven of the prerequisites for certification of a class to be satisfied. While we will address all seven factors, the focus of our analysis will be in the final four factors. This is because, on appeal, appellants do not specifically challenge the trial court's judgment regarding the first three factors, which are identifiable class, member status, and numerosity.
 {¶ 16} The first factor is that there be an identifiable class and the class definition be unambiguous. "`The requirement that there be a class will not be deemed satisfied unless the description of it is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.'"[9] Phrases such as "`all poor people'" or "`all people active in the peace movement'" are too ambiguous for the purpose of properly identifying the class to be certified.[10]
 {¶ 17} In this matter the proposed class was identified as follows:
 {¶ 18} "All consumers who, on [or] after June 27, 1998, have purchased or leased new or used vehicles, from Andy Buick, Inc. or Andy Chevrolet, or any of their affiliates, subsidiaries, franchisees and/or dealerships that they own, manage, direct and/or control, and which they have been charged, in conjunction with such lease or purchase, a fee for `glaze' or `Filing — 30 day tag' or other charge which is prohibited by [Ohio Adm. Code109:4-3-16(B)(21)] in excess of the price of the vehicle, sales tax, title fees and documentary fees which may be charged a consumer in a motor vehicle sale or lease transaction."
 {¶ 19} This language sufficiently identifies the proposed class. Moreover, the definition of the proposed class is unambiguous.
 {¶ 20} The second requirement is that the named representative must be a member of the class. This factor requires the named plaintiff to have standing to pursue the action.[11]
 {¶ 21} Phillips submitted evidence that he was charged the glaze fee and the filing fee. As such, he has standing to pursue the class action and has met the class member factor.
 {¶ 22} The third factor is that the class be sufficiently numerous as to make joinder of all potential parties impracticable. There is no exact number to meet the numerosity requirement. However, the Supreme court of Ohio has noted that Professor Miller had suggested "`if the class has more than forty people in it, numerosity is satisfied; if the class has less than twenty-five people in it, numerosity probably is lacking; if the class has between twenty-five and forty, there is no automatic rule.'"[12] In Warner, the Supreme Court of Ohio did not adopt a bright-line rule, but held that more than 500 people satisfied the numerosity requirement.[13]
 {¶ 23} Phillips attached several exhibits to his motion for class certification, including a copy of appellants' responses to Phillips' "first request for production of documents, records and things." Therein, appellants estimated they have used the preprinted form containing the glaze fee in 1,500 transactions. Therefore, the numerosity standard has been met.
 {¶ 24} The fourth requirement is that there are questions of law and fact that are common to the class. "It is not necessary that all the questions of law or fact raised in the dispute be common to all the parties. If there is a common nucleus of operative facts, or a common liability issue, the rule is satisfied."[14] In addition, any concern regarding individual issues affecting only individual class members is not a consideration in the commonality analysis. This factor is relevant in the Civ.R. 23(B)(3) analysis concerning whether proceeding as a class action is the predominant and superior method of resolving the litigation.[15]
 {¶ 25} Phillips provided evidence showing that appellants, through the use of preprinted forms, charged customers a glaze fee and a filing fee. These fees were added after the parties agreed upon a price. The fact that the charges were preprinted on the form suggests the charges were nonnegotiable.
 {¶ 26} Appellants argue that the trial court erred in determining that the commonality factor was met without conducting an analysis concerning the advertised price. Appellants claim that every buyer has different experiences when they shop for an automobile, in that they could have seen an advertisement in the newspaper, on the television, on the radio, or may have just stopped by the dealership without seeing a particular advertisement.
 {¶ 27} A similar argument was rejected by the Eighth District Court of Appeals in Washington v. Spitzer Management,Inc.[16] The court rejected the appellants' argument that an allegation of a violation of the CSPA based on an advertisement, the plaintiff must demonstrate reliance on a specific advertisement.[17] The court held "appellees' claims are based on [the car dealership's] practice of making representations through the use of form documents that are routinely used in all of [the dealership's] consumer transactions. Such forms were used in [the dealership's] transactions with appellees. As the Ohio Supreme Court has noted, `class action treatment is appropriate where the claims arise from standardized forms or routinized procedures, notwithstanding the need to prove reliance.'"[18]
 {¶ 28} We note that the traditional "advertisements" referred to by appellants do not carry the day in this matter. Generally, an advertisement that appears on the television, the radio, or in a newspaper is a means of soliciting people to come to the dealership. After these people arrive at the dealership, they may or may not take further steps to purchase an automobile. The instant matter concerns those additional steps. Therefore, for the purposes of this matter, how the individual customers came to arrive at the dealership is irrelevant.
 {¶ 29} However, for those of the proposed class in this matter, an additional step was taken. In all those cases, at some point, the salesperson and the customer agreed on a "final" price. Thereafter, the salesperson presented a "car purchase order" to the customer. At the top of this document, a "car sales price" is designated. This is a written communication that was made to consumers by means of personal representations that identified the terms of the sale of the car. Thus, it qualifies as an "advertisement."[19] Thereafter, the forms added the glaze fee and the filing fee.
 {¶ 30} In the instant matter, Phillips presented evidence that appellants used standard, preprinted forms to charge a glaze fee and a filing fee. The advertisements were made through these forms. Accordingly, Phillips and other potential members of the class do not need to show that they relied on a specific additional advertisement to arrive at the dealership.
 {¶ 31} The fifth requirement for a class action is that the representative parties' claims or defenses are typical to those of the other members of the class. "The requirement for typicality is met where there is no express conflict between the class representatives and the class."[20]
 {¶ 32} Phillips' cause of action was typical of that of the proposed class. He submitted evidence showing that he was charged a glaze fee and a $48.50 filing fee. In Washington v. SpitzerManagement, Inc., the court held that a representative who has been charged an excess fee on a buyer's agreement, through preprinted language, is in exactly the same situation as other members of the class who have been charged the fee.[21] We agree.
 {¶ 33} Appellants argue that Phillips' situation would not be typical of other customers, because each individual customer would have a different experience and would have relied on different forms of advertising. Again, however, what form of advertising lured the customer to the dealership is not the relevant issue in this matter. The relevant advertising is the final representation printed on the purchase order suggesting the "final price" for the car.
 {¶ 34} The sixth factor, the adequate representation requirement, is similar to the typicality requirement, but not identical.[22] "[A] representative is deemed adequate so long as his or her interest is not antagonistic to that of other class members."[23]
 {¶ 35} Again, Phillips' interest is exactly that of the other members of the class. Therefore, his interest is not antagonistic to that of the other members of the class. In addition, the trial court noted that appellants did not challenge the competence of Phillips' counsel to adequately represent the interests of the proposed class.
 {¶ 36} The seventh requirement is that one of the factors of Civ.R. 23(B) is met.[24] The trial court found that third factor of Civ.R. 23(B) was satisfied in this matter. Since the trial court did not conduct an analysis on regarding Civ.R. 23(B)(1) or (2), we will likewise limit our analysis to Civ.R. 23(B)(3). There are two main prongs to a Civ.R. 23(B)(3) analysis. The first is that common questions of fact and law predominate over individualized ones, and the second is that class certification is the superior method to fairly and efficiently adjudicate the matter.[25] Civ.R. 23(B) provides, in pertinent part:
 {¶ 37} "An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:
 {¶ 38} "* * *
 {¶ 39} "(3) [T]he court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action."
 {¶ 40} We have already determined that the commonality element has been satisfied. Now the analysis shifts to whether the common questions of law and fact predominate over individualized ones.
 {¶ 41} Appellants argue that each automobile transaction is different, again claiming that each customer relies on a different initial individual advertisement, for a different vehicle. Appellants also argue that certain customers may have purchased a vehicle for less than the advertised price they heard on the radio or television. Finally, appellants assert there are some customers who enter the dealership without observing any initial advertisements. Therefore, appellants argue that these unique experiences would require an analysis of every customer's situation. We disagree.
 {¶ 42} The fees in question were preprinted on the buyer's purchase agreements. These fees were imposed after an agreed-upon purchase price for the car was established. This agreed purchase price constituted an advertisement, since it was a written communication that was made to consumers by means of personal representations that identified the terms of the sale of the car.[26] The fact that the agreed purchase prices may be different depending on the specifics of the individual transactions does not eliminate the commonality of the charged fee. Phillips contends that all potential members of the class were told that the vehicle would cost "X" and, in fact, were charged X plus the glaze fee and excess filing fee. It is the misrepresentation for failing to include the glaze fee and excess filing fee in the vehicle sales price represented to the buyer that Phillips claims violates the CSPA.
 {¶ 43} Appellants argue that some of the customers did not pay a glaze fee, because they negotiated it out of the contract. If appellants' assertions are correct, these individuals would not affect class certification, because they would not be members of the certified class as it is identified. Therefore, their individualized claims would not be an issue in the resolution of the matter.
 {¶ 44} We will now address whether a class action is the superior method to resolving the controversy. In this matter, Phillips alleges to have been improperly charged a glaze fee and a filing fee for 30-day tags. These charges total $116. In addition, Phillips does not argue that the entire 30-day tag fee was improper, only the portion in excess of the actual fee paid to the county. The Supreme Court of Ohio has held that the amount of potential recovery of each class member is a factor to be considered when determining whether a class should be certified under Civ.R. 23(B).[27] Few, if any, of the class members would have the financial ability to pursue an individual action against appellants. By pooling their resources, the class members can spread the cost of litigation and challenge the allegedly unfair acts of appellants.
 {¶ 45} In regard to Civ.R. 23(B)(3)(b) and (c), appellants indicated that they are aware of no other litigation involving potential class members. However, one of the reasons for the lack of other actions is, as noted above, the financial incentive to challenge the fees is not present, as the costs of litigation would offset any recovery.
 {¶ 46} Finally, in regard to Civ.R. 23(B)(3)(d), the trial court noted "the class is numerically substantial, but not so large as to be unwieldy." This statement suggests the trial court considered the difficulties involved in certifying this matter as a class action, but determined that they were outweighed by the objective of allowing the class members to assert their rights.
 {¶ 47} The trial court thoroughly considered the relevant factors in determining whether to grant Phillips' motion to certify the class. In addition, upon reviewing those factors, we have determined the trial court's conclusions are reasonable and supported by law. Thus, the trial court did not abuse its discretion by granting Phillips' motion to certify the class.
 {¶ 48} Appellants' assignment of error is without merit.
 {¶ 49} The judgment of the trial court is affirmed.
Ford, J., O'Toole, J., concur.
[1] R.C. 1345.01, et seq.
[2] Maas v. The Penn Central Corp., 11th Dist. No. 2003-T-0123, 2004-Ohio-7233, at ¶ 21, citing Dayton Women'sHealth Ctr. V. Enix (1990), 52 Ohio St.3d 67, syllabus.
[3] Id.
[4] Howland v. Purdue Pharma L.P., 104 Ohio St.3d 584,2004-Ohio-6552, at ¶ 25, quoting Marks v. C.P. Chem. Co., Inc.
(1987), 31 Ohio St.3d 200, syllabus.
[5] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[6] In re Consol. Mtge. Satisfaction Cases,97 Ohio St.3d 465, 2002-Ohio-6720, at ¶ 6, citing Warner v. Waste Mgt., Inc.
(1988), 36 Ohio St.3d 91, 96-98.
[7] Ohio Adm. Code 109:4-3-16(B)(21).
[8] Ohio Adm. Code 109:4-3-01(C)(5).
[9] Hamilton v. Ohio Sav. Bank (1998), 82 Ohio St.3d 67,71-72, quoting 7A Charles Alan Wright, Arthur R. Miller Mary Kay Kane, Federal Practice and Procedure (2 Ed. 1986) 120-121, Section 1760.
[10] Warner v. Waste Mgt., Inc., 36 Ohio St.3d at 96.
[11] Hamilton v. Ohio Sav. Bank, 82 Ohio St.3d at 74.
[12] Warner v. Waste Mgt., Inc., 36 Ohio St.3d at 97, quoting Miller, An Overview of Federal Class Actions: Past, Present and Future (2 Ed. 1977), at 22.
[13] Warner v. Waste Mgt., Inc., 36 Ohio St.3d at 97.
[14] Hamilton v. Ohio Sav. Bank, 82 Ohio St.3d at 77, citingMarks v. C.P. Chem. Co., Inc., 31 Ohio St.3d at 202, andWarner v. Waste Mgt., Inc., 36 Ohio St.3d 91, paragraph three of the syllabus.
[15] Hamilton v. Ohio Sav. Bank, 82 Ohio St.3d at 77, citingMarks v. C.P. Chem. Co., Inc., 31 Ohio St.3d at 202.
[16] Washington v. Spitzer Mgt., Inc., 8th Dist. No. 81612, 2003-Ohio-1735.
[17] Id. at ¶ 33.
[18] Id. at ¶ 34, quoting Hamilton v. Ohio Sav. Bank,82 Ohio St.3d at 84.
[19] Ohio Adm. Code 109:4-3-01(C)(5).
[20] Hamilton v. Ohio Sav. Bank, 82 Ohio St.3d at 77.
[21] Washington v. Spitzer Mgt., 2003-Ohio-1735, at ¶ 24.
[22] Hamilton v. Ohio Sav. Bank, 82 Ohio St.3d at 77-78.
[23] Id., citing Warner v. Waste Mgt., Inc.,36 Ohio St.3d at 98 and Marks v. C.P. Chem. Co., Inc.,31 Ohio St.3d at 202-203.
[24] Hamilton v. Ohio Sav. Bank, 82 Ohio St.3d at 71.
[25] In re Consol. Mtge. Satisfaction Cases,97 Ohio St.3d 465, 2002-Ohio-6720, at ¶ 7.
[26] See Ohio Adm. Code 109:4-3-01(C)(5).
[27] In re Consol. Mtge. Satisfaction Cases,97 Ohio St.3d 465, 2002-Ohio-6720, at ¶ 14.