RADATZ, Appellee,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellant.

[Cite as *Radatz v. Fed. Natl. Mtge. Assn.*, 176 Ohio App.3d 319, 2008-Ohio-1937.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 89056.

Decided April 24, 2008.

Brian G. Ruschel; and Dworken & Bernstein Co. L.P.A., and Patrick J. Perotti, for appellee.

Squire, Sanders & Dempsey, Richard Gurbst, J. Philip Calabrese, and Donald W. Herbe; O'Melvey & Myes, L.L.P., John H. Beisner, Brian P. Brooks, and Sarah A. Goldfrank; and Federal National Mortgage Assoc., and Jodie L. Kelley, for appellant.

Frank J. Groh–Wargo Co., L.P.A., and Frank J. Groh–Wargo; Bricker & Eckler L.L.P., and Luther L. Liggett Jr., for Ohio Mortgage Bankers Assoc., amicus curiae.

Mary Eileen Kilbane, Judge.

{¶ 1} Defendant-appellant, Federal National Mortgage Association ("FNMA"), appeals the judgment of the trial court granting plaintiff-appellee Rebekah R. Radatz's motion for class-action certification. For the following reasons, we affirm.

{¶ 2} The facts giving rise to the instant case began on December 6, 2000, when Radatz entered into a loan agreement regarding real property located at 819 Overlook Ridge Drive, Cleveland, Ohio.

{¶ 3} The mortgage was recorded on December 11, 2000. Radatz paid the mortgage in full on or about August 28, 2002. The entry of satisfaction was filed on November 29, 2002.

{¶ 4} On August 7, 2003, Radatz filed a class-action complaint against FNMA alleging violation of R.C. 5301.36, as it pertains to a failure to file entries of satisfaction. Radatz's proposed class consisted of the following:

All persons who, since May 9, 1997 and thereafter, paid off residential mortgages recorded in Ohio, where Federal National Mortgage Association was the mortgagee at the time of mortgage satisfaction, and where the mortgage satisfaction was not recorded within 90 days.

{¶ 5} On September 16, 2003, FNMA filed a notice of removal to federal court. However, on September 27, 2004, the case was remanded from federal court.

{¶ 6} On October 22, 2004, FNMA filed a motion to dismiss plaintiff's complaint for failure to join indispensable parties, which was denied by the trial court. Also, on October 22, 2004, FNMA filed a motion to dismiss plaintiff's complaint for failure to state a claim, which was denied by the trial court.

{¶ 7} On October 17, 2005, Radatz filed a motion for class certification. On November 18, 2005, Radatz filed a partial motion for summary judgment.

{¶ 8} On April 7, 2006, the trial court conducted a hearing on Radatz's motion for class certification. On November 1, 2006, the trial court granted Radatz's motion for class certification and denied Radatz's partial motion for summary judgment.

{¶ 9} On November 22, 2006, FNMA filed a notice of appeal and asserted three assignments of error for our review, arguing that the following prerequisites for class certification were not satisfied: superiority, identifiability, and predominance.

{¶ 10} We review class certification using an abuse-of-discretion standard. *Marks v. C.P. Chem. Co., Inc.* (1987), 31 Ohio St.3d 200, 31 OBR 398, 509 N.E.2d 1249. " 'The term "abuse of discretion" connotes more than an error of

law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

> A trial court which routinely handles case-management problems is in the best position to analyze the difficulties which can be anticipated in litigation of class actions. It is at the trial level that decisions as to class definition and the scope of questions to be treated as class issues should be made. A finding of abuse of discretion * * * should be made cautiously.

*Marks* at 201, 31 OBR 398, 509 N.E.2d 1249. However, the Supreme Court of Ohio further held:

> [T]he trial court's discretion in deciding whether to certify a class action is not unlimited, and indeed is bounded by and must be exercised within the framework of Civ.R. 23. The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied.

*Hamilton v. Ohio Sav. Bank* (1998), 82 Ohio St.3d 67, 694 N.E.2d 442.

■ {¶ 11} "A trial judge must make seven affirmative findings before a case may be certified as a class action. Two prerequisites are implicitly required by Civ.R. 23, while five others are specifically set forth therein." *Warner v. Waste Mgt., Inc.* (1988), 36 Ohio St.3d 91, 521 N.E.2d 1091.

> The following seven elements must be satisfied before an action may be maintained as a class action under Civ.R. 23: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met.

*Hamilton,* at 71, 694 N.E.2d 442; see Civ.R. 23(A) and (B); *Warner,* at syllabus.

{¶ 12} With the standard for class certification established, we review FNMA's three assignments of error.

### Assignment of Error Number One

The trial court failed to recognize that the existence of parallel class actions against mortgage servicers, covering half of the putative Fannie Mae [FNMA] class members, precluded a finding of superiority here.

{¶ 13} FNMA argues that the element of superiority is not satisfied because the trial court failed to recognize the existence of parallel class actions against mortgage servicers that cover half of the putative FNMA class members. Civ.R. 23(B)(3) reads:

An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition * * * (3) the court finds that the questions of law or fact predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action.

{¶ 14} FNMA challenges the superiority element set forth in Civ.R. 23(B)(3) by arguing that it is not the proper defendant in the instant case. FNMA argues that it hired servicers to manage the mortgages and to file entries of satisfaction. Thus, FNMA argues that a superior method for fair and efficient adjudication would require the proposed class members to recover in pending class actions against the mortgage servicers.

{¶ 15} The trial court, in its rigorous opinion granting class certification, wrote:

[T]he elements under Rule 23(B) of predominance and superiority are met. This case has threshold, basic common issues, which predominate over any relevant individual issues. The questions are identical and simple for all class members: a determination of the date that a class member's mortgage was paid off—a date that FNMA has in its records; and whether the release was recorded on time. That information is available for each customer from FNMA's internal records (as well as from the county recorder—as to recording dates).

{¶ 16} The trial court deemed class certification a superior method for fair and efficient adjudication for the following three reasons: first, a class action is a feasible way for class members to file and litigate a $250 claim, and it would also avoid duplication of the court's time and resources; second, there are no known similar cases against FNMA; and third, the instant case is more manageable than other class actions because each violation can be objectively shown and damages are set by statute.

{¶ 17} In applying Civ.R. 23(B)(3)(a) to the facts of this case, we find that the interest of members of the class in individually controlling the prosecution of

separate actions is low because the recovery for each mortgagor is only $250, pursuant to R.C. 5301.36.

{¶ 18} Regarding Civ.R. 23(B)(3)(b) and the "extent and nature of any litigation concerning the controversy already commenced" by members of the class, we note that R.C. 5301.36(B) makes no provision for mortgage servicers: "[T]he mortgagee shall record the fact of the satisfaction in the appropriate county recorder's office and pay any fees required for the recording." Thus, mortgagors may recover only from the mortgagee, in this case the FNMA, and not from mortgage servicers. Thus, there are no known parallel lawsuits.

{¶ 19} Similarly, the pending class actions to which FNMA refers are actions in which the mortgage servicers are being held liable for acting in their capacity as a mortgagee, not as a mortgage servicer. The class members in the instant case cannot recover in those pending class actions because their mortgagee is FNMA. Thus, there are no parallel class actions against mortgage servicers that cover half of the putative FNMA class members.

{¶ 20} Furthermore, in applying Civ.R. 23(B)(3)(c), we find a high desirability to concentrate the litigation of the claims in a particular forum. In granting class certification in the instant case, the lower court can avoid duplication of time, effort, and resources in light of the fact that FNMA acted as mortgagee to 981,861 mortgages that were satisfied during the time frame set forth by the class-certification order. "In a situation such as the one at bar, the class action is the preferable method for dealing with evidence of a party's recurring malfeasance, because the ability to avoid duplication of a court's time, effort, and resources is an important and relevant consideration." *In re Consol. Mtge. Satisfaction Cases,* 97 Ohio St.3d 465, 2002-Ohio-6720, 780 N.E.2d 556.

{¶ 21} Civ.R. 23(B)(3)(d) addresses the difficulties likely to be encountered in the management of a class action. Here, the difficulties are small. FNMA kept track of all mortgage payments, including final payments from its mortgagors, lest a mortgagor default. Thus, logic follows that management of the instant class action is small because FNMA should have documentation of all final payments made.

{¶ 22} Furthermore, FNMA, as mortgagee, should also have documentation as to the date of entry of satisfaction. If FNMA does not have the documentation, the information should be easily obtained from the loan servicers that it contracted with to manage entries of satisfaction. It is inapposite to the instant case whether or not the loan servicers breached their contracts with FNMA by failing to timely file entries of satisfaction.

{¶ 23} Thus, the trial court did not abuse its discretion in finding the element of superiority satisfied in the instant case. FNMA's first assignment of error is overruled.

## Assignment of Error Number Two

The certification order fails to identify any objective means for ascertaining membership in the putative class.

{¶ 24} FNMA argues that the certification order fails to identify any objective means for ascertaining membership in the class. We disagree.

{¶ 25} Specifically, FNMA argues that it is not the mortgagee of record with the recorder's office, but rather the loan servicers are named instead, and thus, the loan servicers are liable. However, there is no law requiring that the class members in this action be ascertained from public records. Nor is there a law requiring that the class-certification order identify the exact means by which class membership will be ascertained.

{¶ 26} FNMA's second assignment of error is overruled.

## Assignment of Error Number Three

The class record provides no basis for the trial court's assumption that common issues would predominate over individualized issues at trial.

{¶ 27} FNMA argues that common issues do not predominate over individualized issues in the instant case. We disagree.

{¶ 28} As we already noted, Civ.R. 23(B)(3) addresses the predominance and superiority elements in establishing class certification. Thus, we incorporate our analysis of FNMA's first assignment of error herein.

{¶ 29} Here, the common question is whether FNMA violated R.C. 5301.36 by failing to timely record a satisfaction of mortgage.

The mere existence of different facts * * * is not by itself a bar to certification of that class. If it were, then a great majority of motions for class certification would be denied. Civ.R. 23(B)(3) gives leeway in this regard and permits class certification where there are facts common to the class members.

*In re Consol. Mtge. Satisfaction Cases,* 97 Ohio St.3d 465, 2002-Ohio-6720, 780 N.E.2d 556, ¶ 10.

{¶ 30} We note:

[T]he trial court is in the best position to consider the feasibility of gathering and analyzing class-wide evidence. Since the trial court's ruling did not exceed the bounds of reasonableness, we find that it acted within its discretion in

resolving that there are common questions of fact among class members that can be presented in an efficient fashion.

Id. at ¶ 12.

{¶ 31} Here, the trial court will need to gather evidence regarding the mortgagor-mortgagee relationship, including identification of the mortgagors and the mortgagee, date of final payoffs, and the date the entries of satisfaction were filed. Simply because the trial court may be unable to ascertain all of this information within a single piece of evidence, such as a single computer system, as argued by FNMA, does not make this class action unduly burdensome. Nor does it prevent common issues from predominating over individualized issues in the instant case.

{¶ 32} Either FNMA is the mortgagee at payoff, or it is not. R.C. 5301.36 makes no provision for mortgage servicers. Thus, courts have not found issue with class-action lawsuits against the mortgagees where servicers were responsible for recording the satisfaction. In *Pinchot v. Charter One Bank, F.S.B.*, 99 Ohio St.3d 390, 2003-Ohio-4122, 792 N.E.2d 1105, the court stated that Charter One Bank, which was established as a federal savings association pursuant to the Home Owners' Loan Act, Section 1461 et seq., Title 12, U.S.Code, "through an agent subsidiary corporation, recorded the fact of the satisfaction * * * 117 days after the satisfaction." The Second Appellate District found no issue with a class-action lawsuit against a mortgagee when "[p]ursuant to a processing agreement, Security Connections, Inc. * * * was authorized by Fifth Third to process mortgage satisfactions." *Gilbert v. Fifth Third Bancorp*, 159 Ohio App.3d 56, 2004-Ohio-5829, 823 N.E.2d 11, ¶ 4. In each case, class actions against the mortgagee, not the "servicer," were upheld.

{¶ 33} Therefore, the trial court did not abuse its discretion in finding the element of predominance satisfied.

{¶ 34} FNMA's third assignment of error is overruled.

Judgment affirmed.

ROCCO, P.J., and BLACKMON, J., concur.