DECISION AND JUDGMENT
{¶ 1} This is an appeal of a September 28, 2007 judgment of the Fulton County Court of Common Pleas certifying this action as a class action. The action is brought by appellees Kent and Carrie Stamm ("the Stamms"), who reside in Archbold, Fulton County, Ohio, and by Stammco, LLC d.b.a. The Pop Shop ("Pop Shop"), an Ohio limited liability company that operates a business located in Archbold. Appellants, United Telephone Company of Ohio, d.b.a. Sprint ("UTO") and Sprint Corporation ("Sprint") provide appellees with local and long distance telephone service. *Page 2 
 {¶ 2} Appellees assert that appellants are liable to them and a class of telephone service customers under theories of liability sounding in negligence, breach of the implied duty of good faith and fair dealing, and unjust enrichment due to a practice of causing unauthorized charges to be placed on their telephone bills. Appellees refer to the billing practice as "cramming." In addition to monetary damages, appellees seek declaratory and equitable relief to prevent future billings for products and services that were not authorized by class members and to return sums allegedly obtained by defendants as a result of the billing practice.
 {¶ 3} The trial court granted appellees' motion to certify a plaintiff class of telephone subscribers consisting of:
 {¶ 4} "All individuals, businesses or other entities in the State of Ohio who are or who were within the past four years, subscribers to telephone service from United Telephone Company of Ohio d.b.a. Sprint and who were billed for charges on their local telephone bills by Sprint on behalf of third parties without their permission. Excluded from this class are defendants, their affiliates (including parents, subsidiaries, predecessors, successors, and any other entity or its affiliate which has a controlling interest), their current, former, and future employees, officers, directors, partners, members, indemnities, agents, attorneys and employees and their assigns and successors."
 {¶ 5} Appellants appeal the class certification to this court. They assert three assignments of error on appeal: *Page 3 
 {¶ 6} "Assignment of Error No. 1
 {¶ 7} "The trial court erred and abused its discretion by failing to carefully apply the requirements for class certification under Civil Rule 23, by failing to conduct rigorous analysis into whether all of those requirements were or could be met in this case, and by failing to make findings that or how any of those requirements had been met here.
 {¶ 8} "Assignment of Error No. 2
 {¶ 9} "The trial court erred and abused its discretion by granting plaintiffs' motion for class certification.
 {¶ 10} "Assignment of Error No. 3
 {¶ 11} "The trial court erred and abused its discretion because, as a matter of law, no class could ever properly be certified based upon the claims of the named plaintiffs here."
 {¶ 12} A decision to certify an action as a class action is not a decision on the merits of a claim. "In determining whether to certify a class, the trial court must not consider the merits of the case except as necessary to determine whether the Civ. R. 23 requirements have been met. Ojalvo v. Bd. of Trustees of Ohio State Univ. (1984),12 Ohio St.3d 230, 233." Williams v. Countrywide Home Loans, Inc., 6th Dist. No. L-01-1473, 2002-Ohio-5499, ¶ 24. Seven requirements under Civ. R. 23 are to be met to certify an action as a class action:
 {¶ 13} "Seven prerequisites must be met before a court may certify a case as a classaction pursuant to Civ. R. 23: (1) an identifiable class must exist and the definition *Page 4 
of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impractical; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ. R. 23(B) requirements must be satisfied. Warner v. Waste Mgt., Inc. (1988), 36 Ohio St.3d 91, 96-98,521 N.E.2d 1091." In re Consol. Mtge. Satisfaction Cases,97 Ohio St.3d 465, 2002-Ohio-6720, ¶ 6.
 {¶ 14} The standard of review on appeal of decisions on whether to certify an action as a class action is the abuse of discretion standard.Marks v. C.P. Chemical Co., Inc. (1987), 31 Ohio St.3d 200, syllabus;In re Consol. Mtge. Satisfaction Cases, ¶ 5. An abuse of discretion connotes a judgment that is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} The trial court found that appellees "did and still do provide local and long distance telephone service to more than one million customers throughout Ohio, including Plaintiffs." Judgment Entry of September 28, 2007. The court also detailed factual findings on billing practices:
 {¶ 16} "Billing activities for UTO, and for all of the other local telephone companies that are part of the Sprint network, are processed centrally through a system managed by what is now known as Embarq Management Company. The process of billing for the services provided by these local telephone companies is the same for all *Page 5 
subsidiaries of Sprint. This process was and is managed solely through a system of computerized procedures, and they have not changed during the relevant time period.
 {¶ 17} "In addition to billing its own customers for the telephone services provided directly by Sprint subsidiaries, including UTO, Sprint has also entered into contracts with a number of other unrelated third parties, for the purpose of providing billing services for sundry items and services rendered by and on behalf of these other contracting third parties, and it bills its own customers on behalf of these unrelated third party entities, per contract. The procedure for the billing of these items and services, on behalf of these unrelated third parties entities, has also remained the same over the requisite time period."
 {¶ 18} It is undisputed that appellants do not require any written authorization from its Ohio customers before they place third-party charges on their customers' local telephone bills and that Sprint has the ability to block such charges. It is also undisputed that appellants have refused to permit Ohio customers, including the Stamms, from blocking third-party charges from being placed against their accounts.
 {¶ 19} The trial court also summarized the contentions of appellees:
 {¶ 20} "Plaintiffs claim that a number of these third party entities, hiding behind tiers of billing agents, electronic billing systems, and billing telephone companies, have become successful in collecting large sums of monies from Defendants' customers, by having or causing unauthorized, misleading, and deceptive charges to be placed on Defendants' customers telephone bills. These unrelated charges are billed and collected *Page 6 
by the local telephone company from its own customers, for items or services allegedly provided by these unrelated companies and businesses. Some of these third party billings are transparent, authorized, and legitimate. Some are not. To the extent such services are bogus, or unauthorized, Plaintiffs claim they constitute a fraud upon themselves, the public, and upon the proposed `Class.'" Id.
 {¶ 21} The trial court provided in its opinion a detailed review of appellants' billing procedures and the difficulties encountered by customers who challenge unauthorized third-party charges on their bills. "The manner in which * * * Sprint representatives handle the customers' complaint or request for information is standardized, and the manner in which the call is `escalated' to other representatives, with more training and experience, when more sophisticated assistance is needed in handling the call to attempt resolution, is uniform. This multi-tiered system is often electronic, and it soon becomes daunting, uneconomical, and ultimately frustrating to the average lay person." Id.
 {¶ 22} As to the named appellees, the record discloses that the Stamms own and operate a small business named Stammco, LLC d.b.a The Pop Shop. The Stamms discovered numerous unauthorized charges on their monthly phone bills. Upon complaint, ultimately some charges were resolved and credits issued to their accounts. The evidence also disclosed that there was at least one unresolved third-party charge, discovered during appellant Kent Stamm's deposition in this case, that had been paid, was claimed to be unauthorized, and for which repayment has not been made by appellants. *Page 7 
 {¶ 23} In Hamilton v. Ohio Savings Bank (1998), 82 Ohio St.3d 67, the Ohio Supreme Court directed that trial courts, in deciding motions to certify class actions, are "required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ. R. 23 have been satisfied. Id. at 70. UnderHamilton, [w]hile there is no explicit requirement in Civ. R. 23 that the trial court make formal findings to support its decision on a motion for class certification, there are compelling policy reasons for doing so." Id.
 {¶ 24} Appellants assert under Assignment of Error No. 1, that the judgment certifying this action as a class action should be vacated as the review of class certification issues by the trial court was insufficiently rigorous under Hamilton. Additionally, appellants assert that the trial court failed to address a series of issues raised by appellants against class certification and failed to make findings of fact on how the Civ. R. 23 prerequisites were met. Appellants contend that the reversal is required under Hamilton and under the decision of this court in Miller v. Volkswagen of America, Inc. (Apr. 7, 2006), 6th Dist. No. E-05-005.
 {¶ 25} In Miller v. Volkswagen of America, Inc., this court reversed a trial court judgment that, "without explanation," and, in a seven word order, certified an action as a class action. We reversed and remanded the case for further proceedings on the class certification issue. TheMiller v. Volkswagen of America, Inc. decision does not stand for the broad proposition that an appellate court must find an abuse of discretion whenever a trial court's judgment on class certification lacks findings of fact on each of the seven *Page 8 
prerequisites for class certification or where the review of class action issues by the trial court is not deemed sufficiently rigorous.
 {¶ 26} In Ward v. Nationsbanc Mtge. Corp., 6th Dist. No. E-05-040,2006-Ohio-2766, this court recognized that "[t]rial courts are permitted to issue class certification decisions without * * * making the requisite findings of fact." Id., at ¶ 35. There nevertheless must be "sufficient factual evidence in the record to have permitted a meaningful class certification determination by a preponderance of the evidence." Id., at ¶ 37. Other appellate districts have also recognized that a trial court's failure to follow preferred procedures underHamilton to specify facts and reasons for conclusions under Civ. R. 23 as to whether class certification is appropriate does not, by itself, require an appellate court to reverse a judgment on class certification.Brandow v. Washington Mutual Bank, 8th Dist. No. 88816, 2008-Ohio-1714, ¶ 8;Pyles v. Johnson, 143 Ohio App.3d 720, 731, 2001-Ohio-2478.
 {¶ 27} Here the trial court issued a lengthy and detailed opinion reviewing relevant facts, particularly the nature of standardized procedures for billings and for response to customer complaints as to unauthorized third-party charges. Appellees are correct that the trial court failed to provide specific findings of fact as to the seven prerequisites for class certification and its reasons for granting class certification However, the record contains sufficient evidentiary material upon which to determine whether class certification was appropriate. Accordingly, we find that appellants' Assignment of Error No. 1 is not well-taken. *Page 9 
 {¶ 28} Under Assignment of Error No. 2, appellants assert that the trial court abused its discretion by granting appellees' motion for class certification. We consider each class certification requirement in turn.
 {¶ 29} Under Warner v. Waste Management, Inc., "Rule 23 requires, albeit implicitly, that an identifiable class must exist before certification is permissible. The definition of the class must be unambiguous." Warner v. Waste Management, Inc., at 96. The definition must permit identification of class members with "reasonable effort." Id.
 {¶ 30} Appellants contend that identification of class members of the certified class will require individualized review of customer bills or employment of computer programming to identify UTO customers who received third-party charges over a six year period. Appellants do not claim that identification of customers who were billed for third-party charges and paid them could not be accomplished through a computer analysis of Sprint's billing data.
 {¶ 31} "The focus at this stage is on how the class is defined. `The test is whether the means is specified at the time of certification to determine whether a particular individual is a member of the class.'Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho (1990),52 Ohio St.3d 56, 63, 556 N.E.2d 157, 165. The question as to whether there are differing factual and legal issues `do[es] not enter into the analysis until the court begins to consider the Civ. R. 23(B)(3) requirement of predominance and superiority.' Marks, supra, 31 Ohio St.3d at 202,31 OBR at 400, 509 N.E.2d at 1253." Hamilton v. OhioSavings. Bank, at 73. *Page 10 
 {¶ 32} The class definition here is unambiguous and complies with the requirements under Warner and Hamilton. Whether the necessary screening of billing records to identify class members creates predominance or superiority issues that preclude class certification will be considered under the Civ. R. 23(B)(3) analysis of predominance and superiority class requirements.
 {¶ 33} On appeal appellants have not disputed that appellees are members of the class. They have not disputed that the class is so numerous that joinder of all class members is impractical.
 {¶ 34} The commonality requirement to class certification requires that "there are questions of law or fact common to the class." Civ. R. 23(A)(2). "Courts generally have given a permissive application to the commonality requirement in Civ. R. 23(A)(2). See Marks v. C.P. ChemicalCo. (1987), 31 Ohio St.3d 200, 31 OBR 398, 509 N.E.2d 1249. This prerequisite has been construed to require a `"common nucleus of operative facts."' Marks, supra at 202, 31 OBR at 400,509 N.E.2d at 1253." Warner v. Waste Management, at 97.
 {¶ 35} In Warner, the Supreme Court of Ohio agreed that "if there is a common fact question relating to negligence, or the existence of a contract or its breach, or a practice of discrimination, or misrepresentation, or conspiracy, or pollution, or the existence of a particular course of conduct, the Rule is satisfied." Id., quoting Miller, An Overview of Federal Class Actions: Past, Present and Future (2 Ed. 1977), at 24 with approval. *Page 11 
 {¶ 36} This action concerns a course of conduct applicable to the class involving standardized billing practices of appellants. These practices concern the unauthorized charging of customer accounts with third-party charges and standardized procedures in which appellants respond to customer complaints to such billings. The course of conduct applicable to the class includes a standardized policy of not requiring written authorizations from Ohio telephone customers before placing third-party charges against a customer's account and refusal to permit telephone customers to block such third-party charges. The trial court found that the billing complaint procedure is "multi-tiered," "often electronic," and "daunting, uneconomical, and ultimately frustrating to the average lay person." The record supports a finding that the commonality requirement of Civ. R. 23(A)(2) is met in this case.
 {¶ 37} On appeal, appellants have not disputed that the claims or defenses of the representative plaintiffs are typical of the claims or defenses of the class. Nor have they disputed that the representative parties will fairly and adequately represent the interests of the class.
 {¶ 38} This leaves the requirement that the action meet the requirements of Civ. R. 23(B)(1), 23(B)(2), or 23(B)(3). Appellees sought certification of the class under both Civ. R. 23(B)(2) and 23(B)(3).
 {¶ 39} Civ. R. 23(B)(3) provides:
 {¶ 40} "An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition: *Page 12 
 {¶ 41} "* * *
 {¶ 42} "(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action." (Emphasis added.)
 {¶ 43} Appellants contend that neither the predominance or superiority requirements of Civ. R. 23(B)(3) have been met and that proceeding on a class basis to adjudicate claims of third-party cramming of telephone bills will be unmanageable.
 {¶ 44} "It is now well established that `a claim will meet the predominance requirement when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position.' Lockwood Motors, Inc. v. Gen. Motors Corp. (D. Minn. 1995), 162 F.R.D. 569, 580." Cope v. Metro. Life Ins. Co. (1998),82 Ohio St.3d 426, 430. *Page 13 
 {¶ 45} In Cope v. Metro. Life Ins. Co., the Ohio Supreme Court reversed a decision denying class action status to an action against Metropolitan Life Insurance Company and Metropolitan Life Insurance and Annuity Company to challenge methods used to procure sales of life insurance. The complaint alleged a "wide spread scheme to obtain higher commissions and extra charges" by classifying sales of additional life insurance to existing policyholders as new policies when such sales were to be treated as replacement policies. Id., at 427. The difference in classification was significant in view of MetLife's practice to waive or reduce different policy charges for replacement policies. Id.
 {¶ 46} The court identified cases involving "involving similar form documents or the use of standardized procedures and practices" as presenting opportunities for "common proof" of claims on a class basis. Id., at 430-431. The court reaffirmed its reasoning in Hamilton v. OhioSavings Bank that "* * * [C]lass action treatment is appropriate where claims arise from standardized forms or routinized procedures, notwithstanding the need to prove reliance. * * *." Id., at 435, quotingHamilton v. Ohio Savings Bank, at 84.
 {¶ 47} The fact that individualized determinations may be necessary, even in cases involving standardized forms and procedures, does not preclude a conclusion that class issues predominate over issues pertinent solely to individual claims:
 {¶ 48} "It is conceivable that a significant amount of time may be spent in this case litigating questions affecting only individual members of classes. However, *Page 14 
clockwatching is neither helpful nor desirable in determining the propriety of class certification. 7A Wright, Miller Kane,supra, at 527, Section 1778. A court should not "determine predominance by comparing the time that the common issues can be anticipated to consume in the litigation to the time that individual issues will require. Otherwise only the most complex common questions could predominate since such issues tend to require more time to litigate than less complex issues." 5 Moore's Federal Practice, supra, at 23-207 to 23-208, Section 23.46[1]. "Hamilton v. Ohio Savings Bank, at 85.
 {¶ 49} In the decision of In re Consolidated Mortgage SatisfactionCases, the Ohio Supreme Court held that the need for individualized factual determination does not alone preclude class certification:
 {¶ 50} "While appellees assert that sifting through these facts in a class action will be arduous, we are not compelled to agree. The mere existence of different facts associated with various members of a proposed class is not by itself a bar to certification of that class. If it were, then a great majority of motions for class certification would be denied. Civ. R. 23(B)(3) gives leeway in this regard and permits class certification whether there are facts common to the class members." Id., at 468.
 {¶ 51} Whether liability in damages is asserted in negligence, for breach of an implied duty of good faith and fair dealing, or unjust enrichment, the standardized practices of appellants present opportunities for class wide proof of necessary elements to establish liability. The claims of all class members arise out of common billing practices *Page 15 
of appellants. We agree with appellees that relevant class wide evidence will include evidence regarding the manner in which Sprint purchases, places, and collects unauthorized charges on telephone bills, the extent of Sprint's knowledge of the cramming problem through customer complaints against unauthorized third-party charges on customer accounts, Sprint's actions in response, and the availability of a third-party billing block when a customer seeks to prevent such billing.
 {¶ 52} This case does present a need for significant individualized determinations to present the claims of class members. However, appellants' billing system is computer based and appellants' database records will be available to provide detailed factual data both as to individual and class wide issues through computer analysis of the database. Under such circumstances it is reasonable to conclude that questions of law and fact common to the class predominate over questions affecting only individual members. Consideration of Civ. R. 23(B)(3) listed factors, infra, also supports this conclusion.
 {¶ 53} Appellants also dispute that proceeding as a class action is a superior method to adjudicate the dispute over unauthorized third-party charges to telephone accounts. Appellants claim there are multiple procedures superior to class action that are available to challenge third-party charges. Appellants refer to their own internal procedures to question charges to accounts dealing either directly with the third parties that asserted the charge or with UTO to secure full adjustment to the account. Appellants argue that class members could seek assistance with state and federal consumer agencies or litigate their claims in small claims courts. *Page 16 
 {¶ 54} This case, however, presents thousands of individual claims for small amounts. This is the type of claim for which the class action procedure is well suited. The Ohio Supreme Court, in Hamilton v. OhioSavings Bank, acknowledged the role of class actions in presenting such claims:
 {¶ 55} "`The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.'" Hamilton v. Ohio Savings Bank, at 80 quoting Amchem Products, Inc. v. Windsor (1997), 521 U.S. 591, 617and Mace v. Van Ru Credit Corp. (C.A. 7 1997), 109 F.3d 338, 344.
 {¶ 56} Civ. R. 23(B)(3) lists four factors for consideration to assist in determining whether the requirements of preponderance and superiority have been met. Civ. R. 23(B)(3) supra; Schmidt v. Avco Corp. (1984),15 Ohio St.3d 310, 314. We address the factors in turn.
 {¶ 57} Appellants have not contended that there is evidence that class members have an interest in individually controlling separate actions on their claims. In view of the limited value of individual claims, such an interest is unlikely. There is no other pending litigation against appellees asserting claims of Ohio telephone service customers arising from cramming of third-party charges on their bills. The parties have not argued any advantage to concentrating the claims in a single forum other than advantages gained *Page 17 
through use of the class action device itself. The final factor concerns "the difficulties likely to be encountered in the management of a class action." Civ. R. 23(B)(3). Appellants have argued strongly both in the trial court and on appeal that this action is unmanageable as a class action. The manageability issues raised by appellants are based upon the scope of individualized determinations required to adjudicated all claims.
 {¶ 58} The Supreme Court of Ohio has recognized that "the trial court is in the best position to consider the feasibility and gathering and analyzing class-wide evidence." In re Consolidated Mortgage SatisfactionCases, at ¶ 12. The trial court exercised its discretion to certify this case as a class action.
 {¶ 59} This case presents an effective tool for use in addressing both class wide and individualized factual determinations — appellants' computerized billing database. In our view, the trial court is capable of managing this action as a class action in large part due to the availability of computer database billing records and the ability to employ computer analysis of those records.
 {¶ 60} We find that there exists substantial competent probative evidence in the record demonstrating that both the prerequisites of Civ. R. 23(A) and Civ. R. 23(B)(3) have been met for the trial court to order this action to proceed as a class action. The nature of the dispute and central role played by computerized billing records support a conclusion that class issues predominate over issues concerning only individual claims. The size of the class and limited value of individual claims strongly support a conclusion that the class action is the superior method available for a fair and efficient adjudication *Page 18 
of the controversy. Accordingly, we find that the trial court did not abuse its discretion in sustaining the motion to certify under Civ. R. 23(B)(3).
 {¶ 61} Appellees argue that this action also meets the requirements to proceed as a class action on the additional ground of Civ. R. 23(B)(2). Civ. R. 23(B)(2) provides:
 {¶ 62} "An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:
 {¶ 63} "* * *
 {¶ 64} "(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;"
 {¶ 65} In Warner v. Waste Management, Inc., the Ohio Supreme Court recognized that "Civ. R. 23(B)(2) has, as its primary application, a suit seeking injunctive relief." Warner v. Waste Management, Inc., at 95. "This rule entails two requirements: (1) the action must seek primarily injunctive relief, and (2) the class must be cohesive." Wilson v. BrushWellman, Inc., 103 Ohio St.3d 538, 2004-Ohio-5847, at ¶ 13. Class certification under Civ. R. 23(B)(2) is unavailable where injunctive relief is "merely incidental" to a primary claim for monetary damages. Id., at ¶ 17; accord, Hamilton v. Ohio Savings Bank, at 86-87; Marks v.C.P. Chemical Co., Inc., at 203-204; In re Rogers Litigation, 6th Dist. No. S-02-042, 2003-Ohio-5976, at ¶¶ 42-43.
 {¶ 66} Appellees seek both monetary damages and injunctive relief in the amended complaint. However, the action for monetary damages has been the primary *Page 19 
focus of the case. Accordingly, class certification under Civ. R. 23(B)(2) is unavailable for appellants' claims.
 {¶ 67} In view of our determination that the trial court did not abuse its discretion in certifying this action as a class action under Civ. R. 23(B)(3), we find appellants' Assignment of Error No. 2 not well-taken.
 {¶ 68} Under Assignment of Error No. 3, appellants argue that "no class could ever properly be certified based upon the claims of the named plaintiffs here." Based upon our ruling under Assignment of Error No. 2, we find Assignment of Error No. 3 is not well-taken.
 {¶ 69} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Fulton County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 20 
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR. *Page 1